06-21739

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

/ KLEIN

G&G MARINE, INC. d/b/a G&G SHIPPING,   Case No.:
as owner of the M/V "BAHAMA RANGER"
Official Number 400516,

Plaintiff

_____/

## G&G MARINE, INC. d/b/a G&G SHIPPING's VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW, the Plaintiff, G&G MARINE, INC. d/b/a G&G SHIPPING, ("Plaintiff") as owner of the M/V "BAHAMA RANGER" ("the vessel"), by and through its undersigned counsel, and for its complaint for Exoneration from or Limitation of Liability, states:

1. This is a claim within the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, 28 USC 1333, and Rule F of the Admiralty and Maritime Supplemental Rules.

2. At all times hereinafter mentioned and relevant to this litigation, Plaintiff was and is a corporation incorporated under the laws of the State of Florida, and was and is the owner *pro hac vice* of the vessel.

3. The vessel was and is a 119 meter long cargo vessel that is engaged in the transportation of cargo to and from the State of Florida and the Bahamas.

4. The vessel was and is registered under the laws of St. Vincent and the Grenadines with a home port in Kingston.

1

5. Plaintiff used due diligence to make the vessel seaworthy at the time of the accidents hereinafter described, and at and prior to commencement of the voyages on which the casualties, damages, and/or losses which are the subject of this litigation occurred, the vessel was tight, staunch, strong, properly manned, equipped and supplied, and in all respects seaworthy for the service for which she was engaged.

6. Oscar Bolan has filed a Complaint against the Plaintiff in the Circuit Court for the 11th Judicial Circuit in Miami-Dade County, Florida that claims that he was injured on or about June 7, 2005 by a moving cargo truck on the dock where the vessel was berthed and on or about December 20, 2005 by a moving captain/pilot's chair aboard the vessel while departing Port Everglades causing injuries to his head, neck and back. The aforesaid complaint alleges that Plaintiff caused or contributed to Mr. Bolan's injuries as a result of its operation of the vessel in navigable waters in the Southern District of Florida.

7. The injuries to Oscar Bolan were not caused or contributed to by any fault or want of care on the part of Plaintiff, the vessel, or persons for whom the Plaintiff or the vessel were or are legally responsible.

8. The foregoing casualty and alleged claims arising therefrom were occasioned and occurred without the privity or knowledge of the Plaintiff concerning facts or circumstances which caused or contributed to the foregoing casualty that existed at or prior to the commencement of the voyage on which the vessel was engaged, and was not within the privity or knowledge of the owner of the vessel or anyone for whom the Plaintiff was or is legally responsible.

9. As a result of the aforesaid casualty, the Plaintiff has been notified of claims for damages alleged to have been sustained by Oscar Bolan.

10. The Plaintiff believes that the amount which may be claimed as damages arising from

FOWLER WHITE BURNETT, P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

the alleged injuries to Oscar Bolan will exceed the amount or value of the interest of the Plaintiff in the vessel and freight pending on the vessel at the time of the alleged casualty.

11. There are no demands, unsatisfied liens, or claims of lien arising on said voyage against the vessel. There is, however, a suit now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida against the Plaintiff for the claim of Oscar Bolan except as stated herein to the Plaintiff's knowledge.

12. The Plaintiff alleges that its interest in the vessel is $700,000.00, which value is less than the amount of the claims that may be made against the Plaintiff.

13. Based on the value of its interest in the vessel, the Plaintiff will deposit with the court, as security for the benefit of claimants, a stipulation for value in the sum of $700,000.00 plus interest at the rate of 6% per year and costs, and said sum being not less than the amount or value of Plaintiff's interest in the vessel, as set forth in the affidavit filed herein.

14. This complaint is filed within six months of the date the Plaintiff received the first written notice of claim against the vessel or Plaintiff from claimant Oscar Bolan following the aforesaid accidents.

15. The Plaintiff, as the owner of the vessel, claims exoneration from liability for any and all losses, damages, injuries, or destruction caused by said casualty, or done, occasioned, or incurred on the voyage during which said casualty or casualties occurred and for any and all claims therefore.

16. The Plaintiff has valid defenses for the claim of Oscar Bolan based upon applicable facts and law.

17. The accident in which Oscar Bolan was injured occurred solely as a result of his own negligence, fault, errors, or omissions.

3

18. If Oscar Bolan's injuries arose as a result of the negligence, fault, and/or omissions of third parties, then Plaintiff is entitled to indemnity, or, in the alternative, contribution from same, in addition to the reduction of any amount of Plaintiff's liability to Bolan, in proportion to the fault or errors of third parties which proximately caused Bolan's injuries.

19. In the alternative, if Oscar Bolan was injured as a result of the negligence or omission of the vessel or those for whom it or its owner are legally liable, and it is determined that the owner had privity and knowledge of the facts and circumstances proximately causing Bolan's accident, which is continuously denied, Bolan contributed to by his own negligence, errors, or omissions, and any amount of recovery he may obtain against the vessel and/or its owner must be reduced in proportion to his negligence, error, omissions, or other fault.

20. If the Plaintiff be adjudged liable as owner of the vessel, the Plaintiff alternatively claims benefit of limitation of liability as provided in Sections 4283, 4284, 4285 and 4289 of the Revised Statutes of the United States (46 USC § 183 et. seq.), and the various statutes supplemental thereto and amendments thereof, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and by the Rules and Practice of this Court.

WHEREFORE after due proceedings are had herein, the Plaintiff prays for the following:

1. That this Court issue a notice to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation admonishing them to file their respective claims with the clerk of this court and to serve on the attorneys for the Plaintiff a copy thereof on or before a date to be named in the notice, and if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, that claimant shall file and serve on the attorneys for the Plaintiff an answer to the complaint, on or before the said date, unless his claim is included in an answer, so

4

designated.

2.  That this court restrain, stay and enjoin the further prosecutions of any and all actions, suits, or proceedings already commenced, if any, and the commencement or prosecution thereafter of any and all actions, suites, or proceedings of any nature or description whatsoever in any jurisdiction against the Plaintiff, as aforesaid, or against the vessel, or against any property of the Plaintiff except in this action, to recover damages for or in respect of any loss, damage injury, or destruction caused by or resulting from the aforesaid casualties, or done, occasioned, or incurred on the aforesaid voyage.

3.  That this Court adjudge that the Plaintiff is not liable to any extent for any loss, damage, injury or destruction or for any claim therefore, in any way arising out of or resulting from said casualty, or done, occasioned, or incurred on said voyage.

4.  That if the Plaintiff shall be adjudged liable, as owner of the vessel, then any such liability be limited to the amount or value of the Plaintiff's interest in the vessel and her pending freight at the end of the voyage, if any, on which said vessel was engaged at the time of said casualty, and that the Plaintiff be discharged therefrom on the surrender of such interest, divided pro-rata according the herein above mentioned statutes and rules amongst such claimants as may duly prove their claims before this court saving to all claimants any priorities to which they may be legally entitled, and that judgment may be entered discharging the Plaintiff, as owner of the vessel, and the said vessel from all further liability.

FOWLER WHITE BURNETT, P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14™ FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

5.  The Plaintiff may have such other and further or different relief as may be just and proper in this cause.

Dated: July 7, 2006.

Respectfully submitted,

*Allan R. Kelley*
Allan R. Kelley
Fla. Bar No. 309893
Attorneys for Plaintiff
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

## VERIFICATION

I, Steven Ganoe, as President of G&G MARINE, INC. d/b/a G&G SHIPPING, in the above styled cause declare under the penalty of perjury of the laws of United States of America and the State of Florida that I have read the Complaint in this matter and declare and verify that the matters set forth therein are true and correct to the best of my knowledge, information and belief.

*Steven Ganoe*
Steven Ganoe

6

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
G&G MARINE, INC. d/b/a G&G SHIPPING, as owner of the M/V "BAHAMA RANGER"

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KLEIN

Dade 06cv21739 JAL Klein

## DEFENDANTS

06-2

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed-(see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page).
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
This is an action for exoneration from or limitation of liability under 46 USC 183 et. seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims
LENGTH OF TRIAL via 3-5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   DATE 7-12-06

FOR OFFICE USE ONLY
AMOUNT 350   RECEIPT # 943369   IFP