FILED by GW D.C.
ELECTRONIC

Aug 28 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO: 06-21739-CIV-LENARD
Magistrate Judge Klein

G&G MARINE, INC. d/b/a G&G SHIPPING,
As owner of the M/V "BAHAMA RANGER"
Official Number 400516,

    Claimant

_____/

## CLAIM OF OSCAR BOLAN

    COMES NOW the Claimant, OSCAR BOLAN, by and through his undersigned counsel, and files this Claim pursuant to the Federal Rules of Civil Procedure, and would show unto the Court:

    1.    This is an action for personal injuries and maintenance and cure under the Jones Act, the General Maritime Law of the United States and the laws of the State of Florida.

    2.    The Claimant is a legal resident of the State of Florida.

    3.    On or about April 3, 2006, Claimant OSCAR BOLAN, filed an action in the 11th Judicial Circuit in Miami-Dade County, Florida under Case No. 06-06399 CA 15 seeking recovery for Jones Act negligence, failure to pay maintenance and cure, and unseaworthiness arising out of the accidents of June 7, 2005 and December 20, 2005 as referred to in the Verified Complaint filed by the Plaintiff in this action.

    4.    At all times material hereto, Plaintiff was a corporation organized and existing under the laws of the State of Florida.

## COUNT I - JONES ACT NEGLIGENCE - <u>JUNE 7, 2005 ACCIDENT</u>

The Claimant restates and realleges paragraphs 1 through 4 as though fully stated herein.

5. On or about, June 7, 2005, the Claimant was employed by Plaintiff as Captain aboard the M/V BAHAMA RANGER and was a member of the vessel's crew.

6. It was the duty of the Plaintiff to exercise reasonable care for the Claimant's safety and to provide the Claimant a safe place to work.

7. On or about June 7, 2005, the Claimant was severely injured when he was hit by a moving cargo truck on the dock where the vessel was berthed causing injuries to his head, neck and back.

8. The subject truck was owned or leased by the Plaintiff and operated by another employee of the Plaintiff.

9. The dock where the accident occurred was owned, leased and/or operated by the Plaintiff.

10. The Plaintiff and/or its agents, servants and/or employees breached the duty of care owed to the Claimant as follows:

    a. Failure to use reasonable care to provide and maintain a safe place to work for Claimant, fit with proper and adequate machinery, crew and equipment;

    b. Failure to use reasonable care to provide Claimant a safe place to work;

    c. Failure to use reasonable care for Claimant's safety;

    d. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Claimant while engaged in the course of his employment;

    e.    Failure to provide adequate instruction and supervision to the driver of the truck that hit the Claimant;

    f.    Failure to provide prompt and timely medical care which aggravated Claimant's injuries and caused him additional pain and disability;

    g.    Failure to follow sound management practices with the goal of providing Claimant a safe place to work.

    h.    Prior to Claimant's accident, Plaintiff failed to investigate the hazards, minimize the hazard or warn Claimant of the danger from the hazard.

11.    As a result of the negligence of the Plaintiff, the Claimant was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Claimant will suffer the losses and impairments in the future.

12.    The foregoing acts of negligence occurred within the privity and/or knowledge of Plaintiff and its agents, servants and/or employees.

## COUNT II
## FAILURE TO PROVIDE MAINTENANCE AND CURE – JUNE 7, 2005 ACCIDENT

The Claimant restates and realleges paragraphs 1 through 4 as though fully stated herein and further alleges as follows:

13.    On or about June 7, 2005 the Claimant, as Captain, was injured while in the service of the vessel.

14. Under the General Maritime Law, Claimant, as a seaman, is entitled to maintenance and cure from the Plaintiff, until he is declared to have reached maximum medical improvement. This includes unearned wages, (regular wages, overtime, vacation pay, etc.), which are reasonably anticipated to the end of the contract or voyage which ever is longer.

15. The Plaintiff has failed and refused to pay Claimant's maintenance and cure arising out of his June 7, 2005 injury which has aggravated Claimant's injuries and caused him additional pain and disability and/or prolonged Claimant's recovery.

16. Plaintiff's failure to pay Claimant's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Claimant's right as a seaman. As such, Claimant, in addition to damages for maintenance, cure and aggravation of his injuries, may be entitled to attorney's fees under the General Maritime Law of the United States.

17. The foregoing acts occurred within the privity and/or knowledge of the Plaintiff and its agents, servants and/or employees.

## COUNT III - JONES ACT NEGLIGENCE – DECEMBER 20, 2005 ACCIDENT

The Claimant restates and realleges paragraphs 1 through 4 as though fully stated herein and further states as follows:

18. On or about, December 20, 2005, the Claimant was employed by Plaintiff as Captain aboard the M/V BAHAMA RANGER and was a member of the vessel's crew.

19. It was the duty of the Plaintiff to exercise reasonable care for the Claimant's safety and to provide the Claimant a safe place to work.

20. On or about December 20, 2005, while the vessel was at sea, the Claimant was severely injured when he was hit in the back by a pilot chair that was not bolted to the floor.

21. The Plaintiff and/or its agents, servants and/or employees breached the duty of care owed to the Claimant as follows:

i. Failure to use reasonable care to provide and maintain a safe place to work for Claimant, fit with proper and adequate machinery, crew and equipment;

j. Failure to use reasonable care to provide Claimant a safe place to work;

k. Failure to use reasonable care for Claimant's safety;

l. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Claimant while engaged in the course of his employment;

m. Failure to bolt the pilot chair to the floor of the pilot house despite repeated prior requests to do so;

n. Failure to provide adequate and continuing medical care which aggravated Claimant's injuries and caused him additional pain and disability;

o. Failure to follow sound management practices with the goal of providing Claimant a safe place to work.

p. Prior to Claimant's accident, Plaintiff failed to investigate the hazards, minimize the hazard or warn Claimant of the danger from the hazard.

22. As a result of the negligence of the Plaintiff, the Claimant was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Claimant will suffer the losses and impairments in the future.

23. The foregoing acts of negligence occurred within the privity and/or knowledge of the Plaintiff and its agents, servants and/or employees.

## COUNT IV – UNSEAWORTHINESS – DECEMBER 20, 2005 ACCIDENT

The Claimant restates and realleges paragraphs 1 through 4 as though fully stated herein and further states as follows:

24. On or about December 20, 2005, the Claimant was the Captain and a member of the crew of the M/V BAHAMA RANGER.

25. At all times material hereto, the M/V BAHAMA RANGER was owned, operated, managed, and/or controlled by the Plaintiff, G&G SHIPPING.

26. G&G SHIPPING had the absolute non-delegable duty to provide the Claimant with a seaworthy vessel.

27. As a result of the unseaworthiness of the vessel, specifically the failure of the Plaintiff to bolt the pilot chair to the floor, the Claimant suffered injuries to his head, neck, back, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing condition, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Claimant will suffer the losses and impairments in the future.

28. The foregoing acts occurred within the privity and/or knowledge of the Plaintiff and its agents, servants and/or employees.

## COUNT V - FAILURE TO PROVIDE MAINTENANCE AND CURE – DECEMBER 20, 2005 ACCIDENT

The Claimant restates and realleges paragraphs 1 through 4 as though fully stated herein and further states as follows:

29.     On or about December 20, 2005, the Claimant, as Captain was injured while in the service of the vessel.

30.     Under the General Maritime Law, Claimant, as a seaman, is entitled to maintenance and cure from the Plaintiff, until he is declared to have reached maximum medical improvement.  This includes unearned wages, (regular wages, overtime, vacation pay, etc.), which are reasonably anticipated to the end of the contract or voyage which ever is longer.

31.     The Plaintiff willfully and callously delayed, failed and refused to pay Claimant maintenance and cure so that Claimant has become obligated to pay the undersigned a reasonable attorney's fee.

32.     The Plaintiff terminated the Claimant's employment in Miami, Florida on January 5, 2006, without providing the Claimant with sufficient medical care and was sent to Honduras without justification.  The Claimant had to seek and pay for his own medical treatment and living expenses while in Honduras.

33.     Plaintiff's failure to pay Claimant's maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Claimant's right as a seaman.  As such, Claimant, in addition to damages for maintenance, cure and aggravation of his injuries, may be entitled to attorney's fees under the General Maritime Law of the United States.

34.     The foregoing acts occurred within the privity and/or knowledge of the Plaintiff and its agents, servants and/or employees.

WHEREFORE, Claimant, OSCAR BOLAN, prays that the case be dismissed or, in the alternative, that Plaintiff's request for exoneration from or limitation of liability be denied; that Claimant's right to a jury trial be preserved, that he be allowed to pursue his case in State Court as already filed, and/or that judgment be entered in this matter against the Plaintiff in an amount in excess of $1,000,000 to be determined at trial together with any awardable pre-judgment interest, costs incurred, attorneys fees, and for whatever other relief the Court deems just and proper.

THE CLAIMANT RESERVES HIS RIGHT TO A JURY TRIAL OF THIS MATTER.

August 28, 2006
Miami, Florida

Respectfully submitted,

*S/Michael C. Black*

By: _____
MICHAEL C. BLACK, ESQUIRE
F.B.N. 0056162
e-mail: mblack@marlaw.com
CASSIDY & BLACK, P.A.
8370 West Flagler Street, Suite 252
Miami, Florida 33144
Telephone:   (305) 559-4962
Facsimile:    (305) 559-2163
Attorneys for Claimant, OSCAR BOLAN

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was faxed and mailed this 28th day of August, 2006 on all counsel of record on the attached service list.

*S/Michael C. Black*

By: _____
MICHAEL C. BLACK, ESQUIRE

## SERVICE LIST

CASE NO: 06-21739-CIV-LENARD/KLEIN

Allan R. Kelley, Esquire
akelley@fowler-white.com
FOWLER, WHITE, BURNETT PA
Espirito Santo Plaza
1395 Brickell Avenue
14th Floor
Miami, FL 33131-3302
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201
Attorneys for Plaintiff